UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

        Plaintiff,

                                                  File No.  1:10-CR-388

v.

                                                  HON. ROBERT HOLMES BELL

NATHAN KENT LUMBARD,

        Defendant.

_____/

## **O P I N I O N**

Defendant Nathan Kent Lumbard has been indicted on one count of making false statements in an application for a United States passport in violation of 18 U.S.C. § 1542, and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). This matter comes before the Court on Defendant's motion to dismiss Count 2, alleging aggravated identity theft.

For purposes of this motion, Defendant requests the Court to accept as true the facts provided by the government during discovery. Those facts indicate that Defendant purchased various identification documents from Justin Lee Cheesebrew, including Mr. Cheesebrew's birth certificate, social security card, and operator's license. Defendant contends that he cannot be guilty of aggravated identity "theft" if he obtained and used Mr. Cheesebrew's identification information with Mr. Cheesebrew's authorization.

The aggravated identity theft statute provides:

> Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, **without lawful authority**, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

18 U.S.C. § 1028A(a)(1) (emphasis added). Accordingly, to support a conviction for violation of § 1028A(1)(a), the government must prove that the defendant (1) knowingly used (2) without lawful authority (3) the means of identification of another person (4) during and in relation to a predicate felony offense. *See United States v. Abdelshafi*, 592 F.3d 602, 607 (4th Cir. 2010); *United States v. Stephens*, 571 F.3d 401, 404-05 (5th Cir. 2009); *United States v. Hines*, 472 F.3d 1038, 1039 (8th Cir. 2007).

Defendant's motion to dismiss Count II raises the issue of what "without lawful authority" means. Defendant contends that "without lawful authority" means that the means of identification was stolen, or used without permission of the owner. According to Defendant, the authority at issue is the authority of the person to whom the identification belongs, rather than some undefined authority figure like the government. The government contends that despite the use of the term "theft" in the title of the statute, the phrase "without lawful authority" does not require theft. According to the government, lawful authority means within the bounds of the law.

The starting point for construing a federal statue is the ordinary meaning of the statute. *Roth v. Guzman*, 650 F.3d 603 (6th Cir. 2011) (citing *Mills Music, Inc. v. Snyder*, 469 U.S. 153, 164 (1985)). If the statute is not ambiguous, the use of canons of construction,

2

reference to legislative history, and application of the rule of lenity is not appropriate. *See Dep't of Housing and Urban Dev. v. Rucker*, 535 U.S. 125, 132 (2002) ("[R]eference to legislative history is inappropriate when the text of the statute is unambiguous."); *United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Absent ambiguity, the rule of lenity is not applicable to guide statutory interpretation.").

The statute requires proof that the defendant transferred, possessed or used the means of identification of another person "without lawful authority." In this context, the phrase "without lawful authority" is not ambiguous. The statute does not require proof that the defendant gathered or obtained the means of identification of another person without lawful authority, but that he used it without lawful authority. It is the manner in which the means of identification is used that must be unlawful, not the manner in which it was obtained. Thus, the term "without lawful authority" is not a statutory requirement that the means of identification be stolen.

The circuit courts that have considered the issue have uniformly held that the plain language of § 1028A does not require the government to prove that the defendant stole another person's identity. In *United States v. Mobley*, 618 F.3d 539 (6th Cir. 2010), the defendant admitted using his wife's name and social security number to submit fraudulent credit applications, but he argued that the district court lacked a sufficient factual basis to accept his guilty plea to aggravated identity theft in violation of § 1028A because it did not determine whether he acted "without lawful authority" when he used his wife's social

3

Case 1:10-cr-00388-RHB ECF No. 25 filed 10/06/11 PageID.169 Page 4 of 8

security number. The Sixth Circuit summarily rejected this argument: "That a defendant's use of *any* social security number – including his own – to submit fraudulent credit applications must be 'without lawful authority' is obvious." *Id.* at 547-48. There was no need to determine whether the defendant had his wife's permission to use her social security number because using any identification to commit a fraud is using it "without lawful authority." *See also United States v. Rentana*, 641 F.3d 272, 274 (8th Cir. 2011) (rejecting the defendant's argument that "lawful authority" means with permission from the person identified by the means of identification at issue); *Abdelshafi*, 592 F.3d at 607-08 (rejecting the defendant's argument that he did not commit aggravated identity theft because he did not steal or otherwise unlawfully obtain his Medicaid patients' identifying information or misrepresent his own or some other person's identity); *United States v. Hurtado*, 508 F.3d 603, 607 (11th Cir. 2007) (rejecting the defendant's argument that in order to prove the "without lawful authority" element of § 1028A(a)(1), the government must show that he stole the identification documents), *overruled on other grounds by Flores-Figueroa*, 129 S. Ct. 1886 (2009); *United States v. Hines*, 472 F.3d 1038, 1040 (8th Cir. 2007) ("Whether Hines used Miller's name without permission (as Hines claimed in his letter) or he obtained Miller's consent in exchange for illegal drugs, Hines acted without lawful authority when using Miller's identification."). Although the statute is entitled "Aggravated Identity Theft," "the title of a statutory provision may be useful only when it sheds light on some ambiguous word or phrase." *United States v. Ferreira*, 275 F.3d 1020, 1029 (11th Cir. 2001). The title

4

itself does not create ambiguity when the text of the statute is not ambiguous. *See*, *e.g.*, *Abdelshafi*, 592 F.3d at 608 n.4 (noting that the title of § 1028A does not limit the plain meaning of the text of the statute, which does not require theft); *Hurtado*, 508 F.3d at 608 n.6 (noting that because the plain meaning of "without lawful authority" is clear and unambiguous, the court need not consider that the title uses the term "theft").

Defendant contends that contrary to these cases, the statute is ambiguous, as recognized by the Supreme Court in *Flores–Figueroa v. United States*, 129 S. Ct. 1886 (2009). In *Flores–Figueroa*, the Supreme Court held that § 1028A(a)(1) requires the Government to prove that the defendant "knew that the 'means of identification' he or she unlawfully transferred, possessed, or used, in fact, belonged to 'another person,'" and was not, for example, a fake ID. 129 S. Ct. at 1888. The focus of *Flores-Figueroa* was on the knowledge requirement, and not on the meaning of "without lawful authority." The Supreme Court's determination in *Flores-Figueroa* that the statute's "knowingly" requirement was ambiguous, does not suggest that the meaning of "without lawful authority" is ambiguous.

Defendant contends that *Flores–Figueroa* supports the proposition that "without lawful authority" means without authorization from the person to whom the means of identification belongs because the Supreme Court specifically found that § 1028A is a theft crime based on (1) the name of the statute, (2) the language used in the statute, and (3) the legislative history. (Def.'s Br. 7.) Defendant relies on the following discussion from *Flores-Figueroa*:

5

> On the other hand, Congress separated the fraud crime from the theft crime in the statute itself. The title of one provision (not here at issue) is "Fraud and related activity in connection with identification documents, authentication features, and information." 18 U.S.C. § 1028. The title of another provision (the provision here at issue) uses the words "identity theft." § 1028A (emphasis added). Moreover, the examples of theft that Congress gives in the legislative history all involve instances where the offender would know that what he has taken identifies a different real person. H.R. Rep. No. 108-528, at 4-5, U.S. Code Cong. & Admin. News 2004, pp. 779, 780-81 (identifying as examples of "identity theft" "'dumpster diving,'" "accessing information that was originally collected for an authorized purpose," "hack[ing] into computers," and "steal[ing] paperwork likely to contain personal information").

129 S. Ct. at 1893.

Contrary to Defendant's assertions, this paragraph cannot be construed as a specific finding that § 1028A requires proof of identity "theft." Although the Supreme Court described § 1028A as a theft crime, it did so in order to support its conclusion that § 1028A required knowledge that the means of identification belonged to a person and was not merely a fictitious name or number. Nothing in *Flores-Figueroa* or in any case decided after *Flores-Figueroa* suggests that the Supreme Court read a theft element into § 1028A merely because the term "theft" was in the title.[1]

---

[1] The cases Defendant cites from the First, Ninth, and D.C. Circuits are not in conflict with *Mobley, Rentana, Abdelshafi, Hurtado*, or *Hines. See United States v. Godin*, 534 F.3d 51 (1st Cir. 2008); *United States v. Miranda-Lopez*, 532 F.3d 1034 (9th Cir. 2008); *United States v. Villanueva-Sotelo*, 515 F.3d 1234 (D.C. Cir. 2008). The cases, like *Flores-Figueroa*, simply stand for the proposition that for purposes of § 1028A, the government is required to prove that the defendant knew that the identification belonged to another person. They do not address the "without lawful authority" provision, nor do they hold that "theft" of another's identity is an element of a § 1028A conviction.

6

Even if the Court were to find the use of the phrase "without lawful authority" in § 1028A to be ambiguous, the Court would still conclude that § 1028A does not require proof of theft.

The legislative history contains examples of identity theft that would qualify under § 1028A as a use "without lawful authority" of another person's means of identification. There is no question that theft of another's identity falls within the scope of use "without lawful authority." However, the list of qualifying uses in the legislative history does not purport to be exhaustive. The list does not exclude other actions that do not involve theft. As the Eleventh Circuit noted in *Hurtado*, "For sure, stealing and then using another person's identification would fall within the meaning of 'without lawful authority.' However, there are other ways someone could possess or use another person's identification, yet not have 'lawful authority' to do so." 508 F.3d at 607.

The Court also finds that if theft were an element of the offense, it would have been expressed in the text of the statute. The identity fraud statute, 18 U.S.C. § 1028, which immediately precedes § 1028A, lists eight identity fraud violations. Two of these violations specifically require that an identification document be "stolen or produced without lawful authority." 18 U.S.C. § 1028(a)(2) & (6). This section suggests that if Congress wished to include a theft element in the aggravated identity theft statute, it would have included similar language. As the *Hurtado* court explained:

7

> If Congress intended to provide for an enhanced penalty only when an identification was stolen by a defendant and then used in the commission of another crime (such as passport fraud), it easily could have used the words "stolen" or "theft" in § 1028A(a)(1). The fact that Congress used the word "stolen" in § 1028, but chose the broader phrase "without lawful authority" in § 1028A(a)(1) plainly indicates that Congress intended to prohibit a wider range of activities in § 1028A(a)(1) than just theft.

508 F.3d at 608.

As noted by the Eighth Circuit, "the person assigned a particular social security number does not possess the lawful authority to authorize other persons to represent that number as their own in order to commit other crimes." *Retana*, 641 F.3d at 275. Therefore, for purposes of § 1028A, it makes no difference whether or not Defendant had Cheesebrew's permission to use Cheesebrew's means of identification. Cheesebrew did not have lawful authority to authorize Defendant to use Cheesebrew's identification information as Defendant's own in order to commit other crimes. Accordingly, Defendant's motion to dismiss Count II will be denied.

Dated: October 6, 2011                            /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE