UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10-cr-388 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| NATHAN KENT LUMBARD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**REPORT AND RECOMMENDATION**

Pursuant to W.D. MICH. L.CR.R. 11.1, I conducted a plea hearing in the captioned case on October 7, 2011, after receiving the written consent of defendant and all counsel. At the hearing, defendant NATHAN KENT LUMBARD entered a plea of guilty to Count I of the Indictment, charging defendant with making knowingly false statements in a passport application, 18 U.S.C § 1542, and Count II, charging defendant with aggravated identity theft, 18 U.S.C. § 1028A(1)(a), (c)(7). There is no written plea agreement. The only oral agreement was placed on the record: The Assistant U.S. Attorney orally agreed to the tendering of a conditional plea on Count II alone, which would reserve defendant's right to appeal the denial of his motion to dismiss Count II. This consent will be memorialized in writing as required by Fed. R. Crim. P 11(a)(2).

On the basis of the record made at the hearing, I find that defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force,

threats, or promises, apart from the promises in the plea agreement; that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

I therefore recommend that defendant's plea of guilty to Counts I and II of the Indictment be accepted, and that the court adjudicate defendant guilty. It is further recommended that the court consent to the entry of a conditional plea. Acceptance of the guilty plea, acceptance of the conditional nature of the plea, and imposition of sentence are specifically reserved for the district judge.

Date: October 7, 2011                              /s/ Joseph G. Scoville
                                                   JOSEPH G. SCOVILLE
                                                   United States Magistrate Judge

## NOTICE TO PARTIES

You have the right to de novo review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten days after the plea hearing. *See* W.D. MICH. L.CR.R. 11.1(d). A failure to file timely objections may result in the waiver of any further right to seek appellate review of the plea-taking procedure. See *Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).